J-S21007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRIC PULLEN, | |
| Appellant | No. 2031 EDA 2015 |

Appeal from the Judgment of Sentence Entered February 3, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):
CP-46-CR-0000061-2014
CP-46-CR-0000063-2014
CP-46-CR-0000066-2014
CP-46-CR-0000067-2014
CP-46-CR-0000242-2014
CP-46-CR-0000401-2014
CP-46-CR-0000923-2014

BEFORE:    BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 03, 2016**

Appellant, Demetric Pullen, appeals from the judgment of sentence of an aggregate term of 18 to 36 years' imprisonment, imposed after he pled guilty in seven different cases to various offenses, including several counts of robbery.  On appeal, Appellant argues that his plea was not knowing, intelligent, and voluntary, and that the court abused its discretion in sentencing him.  After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant was charged in seven different cases with numerous offenses stemming from various robberies of stores and private residences.[1] On September 30, 2014, Appellant entered an open guilty plea to conspiracy, 18 Pa.C.S. § 903(a)(1); theft by unlawful taking, 18 Pa.C.S. § 3921(a); persons not to possess a firearm, 18 Pa.C.S. § 6105(c)(1); burglary, 18 Pa.C.S. § 3502(a)(2); aggravated assault, 18 Pa.C.S. § 2703(a)(1); and four counts of robbery, 18 Pa.C.S. §§ 3701(a)(1)(i), 3701(a)(1)(ii), 3701(a)(1)(iv), 3701(a)(1)(v). In exchange for Appellant's guilty plea, the Commonwealth agreed not to seek the deadly weapon sentencing enhancement, or any mandatory minimum sentences.

On February 3, 2015, the court conducted a lengthy sentencing proceeding, at the conclusion of which it imposed an aggregate term of 18 to 36 years' incarceration.

> On February 5, 2015, [Appellant] filed a *pro se* Motion to Withdraw Guilty Plea which included a request to dismiss plea counsel. On March 3, 2015, the [c]ourt issued an order scheduling a hearing on the motion for April 16, 2015, granting [Appellant's] request to dismiss plea counsel, and appointing the public defender's office to represent [Appellant] in pursuing [his] Motion to Withdraw Guilty Plea. On March 10, 2015, a public defender entered her appearance. Plea counsel filed a motion to formally withdraw from the case on March 31, 2015, which the [c]ourt granted on April 6, 2015. … On June 1, 2015, [Appellant] filed, and the [c]ourt granted, a motion for an extension of time pursuant to Pa.R.Crim.P. 720(B)(3)(b). On

---

[1] The trial court sets forth a detailed discussion of the facts of Appellant's crimes, which need not be reproduced herein for purposes of our review. **See** Trial Court Opinion (TCO), 9/9/15, at 1-4.

June 25, 2015, [Appellant] filed a Supplemental Post Sentence Motion. After multiple continuances due to plea counsel's unavailability to testify, a hearing on the motion was held on June 26, 2015. By order of July 2, 2015, the [c]ourt denied the motion. [Appellant] filed a timely notice of appeal on July 7, 2015. The same date, this [c]ourt issued a [Pa.R.A.P.] 1925(b) Order for a Concise Statement. [Appellant] has since complied with that request.

TCO at 5-6.

On appeal, Appellant presents two issues for our review:

[I.] Whether the trial court abused its discretion in denying Appellant['s] … post-sentence motion to withdraw his guilty plea where the range of sentences of which he was informed when pleading guilty were based on a prior record score of two (2) but [he] learned at sentencing that his prior record score was actually five (5) resulting in a substantial difference [in the applicable] sentence guidelines and where Appellant … testified that he would not have pled guilty had he known the correct range of sentences[.]

[II.] Whether the trial court abused its discretion in denying Appellant['s] … post[-]sentence motion challenging the discretionary aspects of sentencing[.]

Appellant's Brief at 10 (footnote and unnecessary capitalization omitted).

In Appellant's first issue, he challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea.

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Here, Appellant contends that a manifest injustice will result if he is not permitted to withdraw his plea because it was not knowingly, intelligently, and voluntarily entered. Appellant premises his claim on the fact that, at the plea hearing, the Commonwealth informed him that he had a prior record score (PRS) of 2, and stated the applicable guideline ranges for each of Appellant's offenses, based on that PRS. *See* N.T. Guilty Plea, 9/30/14, at 3-5. As Appellant explains, the standard guideline ranges announced by the Commonwealth at the plea proceeding totaled an aggregate range of 201 to 295 months, or 16.75 to 24.5 years. According to Appellant, he therefore believed, when he entered his plea, that he faced a "total possible sentence" of 16.75 to 24.5 years' imprisonment. *See* Appellant's Brief at 12.

However, at the sentencing hearing, Appellant was informed that his PRS had been miscalculated, and it was actually a 5. Appellant states that the corrected PRS meant that he "was now facing" an "aggregate[,] standard range sentence" of 28 to 36 years' incarceration. *Id.* at 13. Appellant maintains that, "[u]tilizing the guideline ranges announced at sentencing, [the trial court] imposed a total sentence of eighteen (18) to thirty-six (36) years[' incarceration], despite the fact that when [Appellant] pled guilty, [he] – and everyone else in the court – believed that the guideline ranges aggregated to a total of 16.75-24.5 years." *Id.* Appellant

claims that his misunderstanding about the applicable PRS and standard guideline ranges renders his decision to plead guilty unknowing, unintelligent, and involuntary.

Appellant seems to interpret the sentencing guideline ranges as providing a minimum **and maximum** sentence. This is clearly incorrect. "The Sentencing Guidelines, located at 204 Pa.Code § 303 *et seq.*, recommend ranges of **minimum sentences** based on the type of offense, the defendant's prior criminal history, and a variety of aggravating and mitigating factors." *Commonwealth v. Yuhasz*, 932 A.2d 1111, 1118 (Pa. 2007) (emphasis added). Therefore, with a PRS of 2, Appellant faced an aggregate, standard range **minimum sentence** of 16.75 to 24.5 years, not a 16.75 year minimum and 24.5 year maximum sentence. Appellant received an aggregate, minimum sentence of 18 years' incarceration, which was within the standard guideline range applicable to Appellant if his PRS had been 2, and well below the standard guideline range for his PRS of 5.

Additionally, the court informed Appellant of the statutory maximum terms he faced for each offense, and Appellant indicated that he understood. *See* N.T. Guilty Plea, 9/30/14, at 9-11. Thus, the record demonstrates that Appellant "fully comprehended the maximum punishment that might be imposed for his conduct" when he entered his plea. *Commonwealth v. Kulp*, 382 A.2d 1209, 1211 (Pa. 1978). The court also stressed to Appellant that there was no agreement regarding the length of sentence the court could impose, and that it could direct Appellant's sentences for each offense

to run either concurrently or consecutively. N.T. Guilty Plea at 9, 10. Again, Appellant indicated that he understood. *Id.* at 9, 10. Based on this record, Appellant has failed to demonstrate that a manifest injustice would result by not permitting him to withdraw his plea based on the error regarding the appropriate PRS. Accordingly, Appellant's first issue is meritless.

In Appellant's second issue, he challenges the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citations, quotation marks and footnote omitted; emphasis in original).

Here, Appellant has included a Rule 2119(f) statement, contending "that the sentence imposed is manifestly excessive and that the trial court failed to properly consider the mitigating circumstances presented in the

[p]re[-s]entence [i]nvestigation and at sentencing." Appellant's Brief at 19. Appellant states that, "[m]ore specifically, the sentencing court failed to consider [his] … youth, background, admissions to police, cooperation with law enforcement in unrelated cases, and the fact that he had been actively misled at the time of his guilty plea as to the sentence he could be facing." *Id.* Appellant cites **Commonwealth v. Raven**, 97 A.3d 1244 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014), to support his claim that his argument presents a substantial question. After reviewing **Raven**, we agree. **See id.** at 1253 (stating "this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question").[2]

---

[2] We note that in the argument portion of his brief, Appellant briefly contends that his sentence must be vacated because, at the hearing on his post-sentence motion, the court exhibited "a bias against Appellant … and an overt disdain for the argument being advanced." Appellant's Brief at 25. Appellant did not raise this claim in his Rule 2119(f) statement. He also did not assert, in his Rule 1925(b) statement, that the court's ostensible bias at the post-sentence motion hearing compels us to vacate his sentence; instead, Appellant stated only that the court should recuse itself for this reason. **See** Appellant's Rule 1925(b) Statement, 7/27/15, at 6 ("Appellant also respectfully seeks recusal due to the bias shown by the court during post-sentence motions."). Consequently, we decline to review Appellant's waived claim pertaining to the court's purported bias. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **see also Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa. Super. 2005) (stating that when an appellant fails to include a Rule 2119(f) statement, and the Commonwealth does not object, this Court may deny allowance of appeal of discretionary aspects of the appellant's sentence) (citation omitted).

In reviewing the merits of Appellant's sentencing claim, we apply the following standard:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Raven*, 97 A.3d at 1253 (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

In the argument portion of his brief, Appellant asserts that the "court abused its discretion by imposing consecutive sentences which resulted in an aggregate sentence that is manifestly excessive and unreasonable…." Appellant's Brief at 25. Appellant then avers "that the sentencing court failed to take into consideration certain mitigating circumstances[,]" such as Appellant's "youth and his acceptance of responsibility by pleading guilty to the charges, rather than going to trial." *Id.* at 26. He also contends that his misunderstanding of what sentencing guidelines would apply to his case constitutes a "mitigating fact that should have been taken into consideration by the sentencing court when ruling on his post-sentence motion for resentencing." *Id.*

After reviewing the record of Appellant's sentencing hearing, we ascertain no abuse of discretion by the court. At the start of that proceeding, the court acknowledged that Appellant's PRS was 5, and stated

the guideline ranges applicable to each of Appellant's offenses using that PRS. *See* N.T. Sentencing, 2/3/15, at 8-10. Appellant did not raise any issue pertaining to the validity of his plea after being informed of the correct PRS. The court then heard,

> testimony of Detective Adam Schurr of the Norristown Police Department who outlined [Appellant's] cooperation in identifying males involved in the home invasion robbery [in one of the cases for which Appellant pled guilty]. (N.T., Sentencing, 2/3/15, pg. 24). Both men ultimately pled guilty. *Id.* at 26. As a result of this cooperation, [Appellant] was moved to Chester County Prison for his safety. *Id.* at 25. The Defense also presented the testimony of [Appellant's] father and grandmother who spoke of his childhood and his drug problems as well as those of his parents. *Id.* at 37-49.

TCO at 13.

Prior to imposing Appellant's sentence, the court provided a lengthy statement of its reasons for fashioning his term of incarceration. *See* N.T. Sentencing, 2/3/15, at 68-77. Notably, the court stated that it considered all of the testimony presented at the hearing, and the pre-sentence investigation report. The court also declared:

> The court does not turn a blind eye on the defendant that appears before it for sentencing. And one of the elements of a sentencing is the rehabilitative potential of the defendant, the age of the defendant, the defendant's psychosocial history, the defendant's history with addiction and/or drug abuse. And I have factored them all in.

*Id.* at 68-69. The court went on to discuss the seriousness of Appellant's "seven separate cases[,]" which the court concluded had "exacted a serious toll of destruction and near death, pure and simple." *Id.* at 69, 70. Ultimately, the court fashioned "an aggregate, standard range sentence of

18-36 years, which reflects the seriousness of [Appellant's] crimes as well as [the] [c]ourt's consideration of the foregoing factors." TCO at 14.

The record, as a whole, is sufficient to show that the court considered all the pertinent mitigating circumstances, and acted within its discretion in imposing consecutive terms of incarceration. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016